ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| MUNICIPIO AUTÓNOMO DE CATAÑO<br><br>Apelante<br><br>v.<br><br>VILMARIE DOMINGUEZ LOZADA<br><br>Apelada | **TA2025AP00628**<br><br><br><br><br><br><br>CONSOLIDADO | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Civil Núm. BY2025CV04347<br><br>Sobre: Ley de Transparencia y Procedimiento Expedito para Acceso a la Información Pública |
| MUNICIPIO AUTÓNOMO DE CATAÑO<br><br>Apelante<br><br>v.<br><br>VILMARIE DOMINGUEZ LOZADA<br><br>Apelada | **TA2025AP00649**<br><br><br><br><br><br><br>CONSOLIDADO | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Civil Núm. CT2025CV00285<br><br>Sobre: Ley de Transparencia y Procedimiento Expedito para Acceso a la Información Pública |
| MUNICIPIO AUTÓNOMO DE CATAÑO<br><br>Apelante<br><br>v.<br><br>VILMARIE DOMINGUEZ LOZADA<br><br>Apelada | **TA2025AP00650** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Civil Núm. CT2025CV00286<br><br>Sobre: Ley de Transparencia y Procedimiento Expedito para Acceso a la Información Pública |

Panel integrado por su presidenta la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

## **SENTENCIA**

En San Juan, Puerto Rico, a 22 de enero de 2026.

Comparece ante este foro, El Municipio Autónomo de Cataño (Municipio o parte apelante), mediante un recurso de apelación identificado con el núm. TA2025AP00628, presentado el 2 de diciembre de 2025. Posteriormente, el 8 de diciembre de 2025, el Municipio compareció nuevamente mediante los recursos de apelación identificados con el núm. TA2025AP00649 y TA2025AP00650.

Por estar estrechamente relacionados y en aras de la economía procesal, el 10 de diciembre de 2025, mediante *Resolución,* ordenamos la consolidación de los recursos. Los recursos consolidados solicitan la revisión de una *Sentencia,* emitida y notificada el 3 de octubre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón y dos (2) *Sentencias* emitidas el 8 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón, notificadas al día siguiente. Mediante el dictamen emitido el 3 de octubre de 2025, el foro primario declaró No Ha Lugar una moción de desestimación, presentada por el Municipio, el 18 de septiembre de 2025. Por otro lado, mediante los dictámenes emitidos el 8 de octubre de 2025, el foro primario declaró No Ha Lugar dos (2) mociones de desestimación presentadas por el Municipio, el 25 de septiembre de 2025.

Por los fundamentos que se exponen a continuación, **CONFIRMAMOS** las *Sentencias* apeladas.

### I.

El 18 de agosto de 2025, Vilmarie Domínguez Lozada (señora Domínguez Lozada o parte apelada) presentó un *Recurso Especial de Revisión Judicial para el Acceso a*

*Información Pública.*[1]  Mediante este, adujo que, el 15 de julio de 2025, solicitó al Municipio información pública relacionada con el gimnasio de la Comunidad Especial Puente Blanco.  En específico, solicitó información relacionada a la titularidad de contratos; aprobación de la legislatura; y participación de la comunidad.  Por otro lado, el 26 de agosto de 2025, la señora Domínguez Lozada presentó un *Recurso Especial de Revisión Judicial para el Acceso a Información Pública.*[2] En este, sostuvo que, el 16 de julio de 2025, solicitó al Municipio información relacionada a la lista de vehículos adquiridos; lista de vehículos arrendados; contratos; y justificación.  Posteriormente, en esa misma fecha, presentó otro *Recurso Especial de Revisión Judicial para el Acceso a Información Pública.*[3] Mediante este, adujo que, el 16 de julio de 2025, solicitó al Municipio información relacionada a la lista de equipos pesados, adquiridos y arrendados; justificación de arrendamiento; trabajos y criterios; y presupuesto asignado.  No obstante, en dichos recursos señaló que el Municipio no había entregado o dado acceso a la información solicitada en el término dispuesto en la ley.  En consecuencia, solicitó que se declarara Ha Lugar los recursos especiales y se le ordenara al Municipio entregar o proveer acceso a la información solicitada.

Posteriormente, el 18 de septiembre de 2025, el Municipio presentó una *Moción en Oposición y en Solicitud de Desestimación de Recurso por No Cumplir con*

---

[1] *Recurso Especial de Revisión Judicial para el Acceso a Información Pública*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) TA2025AP00628.
[2] *Recurso Especial de Revisión Judicial para el Acceso a Información Pública*, entrada núm. 1 en SUMAC. TA2025AP00649.
[3] *Recurso Especial de Revisión Judicial para el Acceso a Información Pública*, entrada núm. 1 en SUMAC. TA2025AP00650.

*los Requisitos de la Ley Núm. 141-2019*, con relación al *Recurso Especial de Revisión Judicial para el Acceso a Información Pública*, presentado por la parte apelada el 18 de agosto de 2025, en el caso Núm. BY2025CV04347.[4] Por otro lado, el 25 de septiembre de 2025, el Municipio presentó dos (2) mociones en oposición y en solicitud de desestimación, a saber, una con relación al *Recurso Especial de Revisión Judicial para el Acceso a Información Pública,* presentado por la parte apelada, el 26 de agosto de 2025, en el caso Núm. CT2025CV00285[5] y otra con relación al *Recurso Especial de Revisión Judicial para el Acceso a Información Pública,* presentado por la parte apelada en esa misma fecha, en el caso Núm. CT2025CV00286[6]. En dichas mociones, la parte apelante alegó que, en vista de que la solicitud de información se presentó en el carácter oficial de la parte apelada como legisladora municipal, la solicitud debió ser canalizada por los procedimientos internos y colegiados que rigen las investigaciones y los requerimientos de información de la Legislatura Municipal de Cataño y no por medio de la *Ley de Transparencia y Procedimiento Expedido para el Acceso a la Información Pública*, Ley Núm. de 1 de agosto de 2019, según enmendada, 3 LPRA Sec. 9911, *et seq*. (Ley Núm. 141-2019). Además, sostuvo que la solicitud presentada por la parte apelada no puede ser considerada como documento público, conforme lo define el

---

[4] *Moción en Oposición y en Solicitud de Desestimación de Recurso por No Cumplir con los Requisitos de la Ley Núm. 141-2019,* entrada núm. 5 en SUMAC TA202500628.
[5] *Moción en Oposición y en Solicitud de Desestimación de Recurso por No Cumplir con los Requisitos de la Ley Núm. 141-2019,* entrada núm. 4 en SUMAC TA202500649.
[6] *Moción en Oposición y en Solicitud de Desestimación de Recurso por No Cumplir con los Requisitos de la Ley Núm. 141-2019,* entrada núm. 4 en SUMAC TA202500650.

*Código Municipal de Puerto Rico*, Ley Núm. 107-2020, según enmendado, 21 LPRA sec. 7175 y el Artículo 3(p) de la *Ley de Administración y Conservación de Documentos Públicos para el Siglo XXI*, Ley Núm. 107 de 10 de agosto de 2025 (Ley Núm. 107-2025). Lo anterior, debido a que la solicitud es excesivamente amplia y no va dirigida a un documento en específico que haya sido originado, conservado o recibido en el Municipio. Por lo anteriormente expuesto, solicitó la desestimación del recurso presentado por la señora Domínguez Lozada.

En respuesta, el 22 de septiembre de 2025, la señora Domínguez Lozada presentó una *Oposición a la Moción de Desestimación* con relación a la *Moción en Oposición y en Solicitud de Desestimación de Recurso por No Cumplir Con los Requisitos de la Ley Núm. 141-2019*, presentado por la parte apelante el 18 de septiembre de 2025, en el caso Núm. BY2025CV04347.[7] Asimismo, el 26 de septiembre de 2025, la señora Domínguez Lozada presentó dos (2) mociones en oposición, a saber, una con relación a la moción de desestimación, presentada por el Municipio el 25 de septiembre de 2025, en el caso Núm. CT2025CV00285[8] y otra con relación a la moción de desestimación presentada por el Municipio, en esa misma fecha, en el caso CT2025CV00286[9]. En esencia, adujo que las solicitudes se realizaron al amparo de la Ley Núm. 141-2019, en su carácter de ciudadana. Por otro lado, indicó que la información solicitada constituye documentos públicos, según definidos en la Ley Núm. 107-2020 y la

---

[7] *Oposición a la Moción de Desestimación,* entrada núm. 7 en SUMAC TA202500628.
[8] *Oposición a la Moción de Desestimación,* entrada núm. 5 en SUMAC TA202500649.
[9] *Oposición a la Moción de Desestimación,* entrada núm. 5 en SUMAC TA202500650.

Ley 141-2019. En vista de lo anterior, solicitó que se denegara la moción de desestimación presentada por el Municipio.

Sucesivamente, el 3 de octubre de 2025, el foro primario emitió y notificó una *Sentencia* en el caso Núm. BY2025CV04347, mediante la cual declaró No Ha Lugar la solicitud de desestimación presentada por la parte apelante el 18 de septiembre de 2025.[10] Determinó que la parte apelada tiene derecho a que el Municipio le de acceso a la información solicitada y le permita la inspección del expediente relacionado a la instalación de gimnasio en la comunidad especial Puente Blanco. No obstante, determinó que la señora Domínguez Lozada no tiene derecho a que el Municipio le conteste preguntas específicas sobre la instalación del gimnasio. Explicó que, una vez revisado el expediente y de tener preguntas adicionales, deberá coordinar una cita con el Oficial de Información del Municipio para atender dichas interrogantes. En su consecuencia, dispuso que, una vez la señora Domínguez Lozada notificara la acción escogida, dentro de las cuatro (4) alternativas que ofrece el Artículo 7 de la Ley Núm. 141-2019 para obtener la información, el Municipio tendría diez (10) días laborables para proveer acceso a la información y los documentos públicos relacionados a la instalación del gimnasio en la Comunidad Especial Puente Blanco. Por otra parte, el 8 de octubre de 2025, notificada al día siguiente, el foro primario emitió una *Sentencia* en el caso Núm. CT2025CV00285.[11] Mediante esta, declaró No Ha Lugar la solicitud de desestimación presentada por la

---

[10] *Sentencia*, entrada núm. 8 en SUMAC TA2025AP00628.
[11] *Sentencia*, entrada núm. 7 en SUMAC TA2025AP00649.

parte apelante el 25 de septiembre de 2025. En su consecuencia, ordenó a la parte apelante la divulgación, producción e inspección de la información y documentos públicos relacionados a la flota y contratos. Asimismo, en esa misma fecha, el foro primario emitió y notificó una *Sentencia* en el caso Núm. CT2025CV00286.[12] En esencia, declaró No Ha Lugar la solicitud de desestimación presentada por la parte apelante el 25 de septiembre de 2025. Ante ello, ordenó al Municipio la divulgación, producción e inspección de la información y documentos públicos relacionados al equipo pesado.

Inconforme, el 2 de diciembre de 2025, la parte apelante acudió ante este foro revisor, mediante el recurso de apelación identificado con el alfanumérico TA2025AP00628, e hizo los siguientes señalamientos de error:

> PRIMER ERROR: ERRÓ EL TPI EN LA APRECIACIÓN DE LOS HECHOS Y EL DERECHO QUE SUSTENTAN LA MOCIÓN EN OPOSICIÓN Y EN SOLICITUD DE DESESTIMACIÓN DE RECURSO POR NO CUMPLIR CON LOS REQUISITOS DE LA LEY NÚM. 141-2019, PRESENTADA POR EL MUNICIPIO AL DENEGARLA Y RESOLVER, INCORPORANDO LA SENTENCIA DICTADA EN EL CASO CT2025CV00228 PARA DETERMINAR QUE PROCEDE ENTREGAR LA INFORMACIÓN PÚBLICA SOLICITADA POR LA PARTE RECURRENTE-APELADA, A PESAR DE QUE COMPARECE EN SU CARÁCTER OFICIAL DE LEGISLADORA MUNICIPAL A SOLICITAR INFORMACIÓN A LA RAMA EJECUTIVA INVOCANDO LAS DISPOSICIONES DE LA LEY NÚM. 141-2019 CUANDO ESTO CONSTITUYE UNA USURPACIÓN DE LOS PODERES Y FACULTADES DELEGADOS AL PRESIDENTE DE LA LEGISLATURA MUNICIPAL, VIOLENTA LAS DISPOSICIONES DE LA LEY NÚM. 107-2020, SEGÚN ENMENDADA, CONOCIDA COMO CÓDIGO MUNICIPAL DE PUERTO RICO, EL REGLAMENTO DE LA LEGISLATURA MUNICIPAL DE CATAÑO Y LA SEPARACIÓN DE PODERES DISPUESTA EN LA CONSTITUCIÓN DE PUERTO RICO.
>
> SEGUNDO ERROR: INCURRIÓ EN UN ERROR DE DERECHO EL TPI AL CONCEDERLE A LA PARTE RECURRENTE-APELADA LA SOLICITUD DE INFORMACIÓN, A PESAR DE QUE NO CUMPLE CON

---

[12] *Sentencia*, entrada núm. 7 en SUMAC TA2025AP00650.

LOS REQUISITOS DE LA LEY NÚM. 141-2019 NI CONSTITUYE UN "DOCUMENTO PÚBLICO" SEGÚN DEFINIDO EN LA LEY NÚM. 107-2020, SEGÚN ENMENDADA, CONOCIDA COMO CÓDIGO MUNICIPAL DE PUERTO RICO, NI EN LA LEY NÚM. 107-2025, CONOCIDA COMO LEY DE ADMINISTRACIÓN Y CONSERVACIÓN DE DOCUMENTOS PÚBLICOS PARA EL SIGLO XXI POR CONSTITUIR UNA INTERPELACIÓN Y LE CONCEDE REMEDIOS QUE NO ESTÁN CONTEMPLADOS EN LA LEY.

De igual forma, el 8 de diciembre de 2025, el Municipio instó dos (2) recursos de apelación, identificados con el alfanumérico TA2025AP00649 y TA2025AP00650, y señaló los siguientes errores:

PRIMER ERROR: ERRÓ EL TPI EN LA APRECIACIÓN DE LOS HECHOS Y EL DERECHO QUE SUSTENTAN LA MOCIÓN EN OPOSICIÓN Y EN SOLICITUD DE DESESTIMACIÓN DE RECURSO POR NO CUMPLIR CON LOS REQUISITOS DE LA LEY NÚM. 141-2019, PRESENTADA POR EL MUNICIPIO AL DENEGARLA Y RESOLVER, INCORPORANDO LA SENTENCIA DICTADA EN EL CASO CT2025CV00228 PARA DETERMINAR QUE PROCEDE ENTREGAR LA INFORMACIÓN PÚBLICA SOLICITADA POR LA PARTE RECURRENTE-APELADA, A PESAR DE QUE COMPARECE EN SU CARÁCTER OFICIAL DE LEGISLADORA MUNICIPAL A SOLICITAR INFORMACIÓN A LA RAMA EJECUTIVA INVOCANDO LAS DISPOSICIONES DE LA LEY NÚM. 141-2019 CUANDO ESTO CONSTITUYE UNA USURPACIÓN DE LOS PODERES Y FACULTADES DELEGADOS AL PRESIDENTE DE LA LEGISLATURA MUNICIPAL, VIOLENTA LAS DISPOSICIONES DE LA LEY NÚM. 107-2020, SEGÚN ENMENDADA, CONOCIDA COMO CÓDIGO MUNICIPAL DE PUERTO RICO, EL REGLAMENTO DE LA LEGISLATURA MUNICIPAL DE CATAÑO Y LA SEPARACIÓN DE PODERES DISPUESTA EN LA CONSTITUCIÓN DE PUERTO RICO.
SEGUNDO ERROR: ERRÓ EL TPI EN LA APRECIACIÓN DE LOS HECHOS Y EL DERECHO AL DICTAR SENTENCIA DENEGANDO LA DESESTIMACIÓN DEL RECURSO ESPECIAL PRESENTADO POR LA PARTE RECURRENTE TODA VEZ QUE LA SOLICITUD DE INFORMACIÓN NO CUMPLE CON LOS REQUISITOS DE LA LEY NÚM. 141-2019 NI CONSTITUYE UN "DOCUMENTO PÚBLICO" SEGÚN DEFINIDO EN LA LEY NÚM. 107-2020, SEGÚN ENMENDADA, CONOCIDA COMO CÓDIGO MUNICIPAL DE PUERTO RICO, NI EN LA LEY NÚM. 107-2025, CONOCIDA COMO LEY DE ADMINISTRACIÓN Y CONSERVACIÓN DE DOCUMENTOS PÚBLICOS PARA EL SIGLO XXI.

Así las cosas, el 5 de diciembre de 2025, emitimos una *Resolución* concediéndole a la parte apelada el término dispuesto en nuestro Reglamento para que

presentara su alegato en oposición. Luego de una solicitud de prórroga y, transcurrido el término sin que la parte apelada se expresara, damos por perfeccionado el recurso ante nuestra consideración y procedemos a resolver sin el beneficio de su comparecencia. De igual forma, el 10 de diciembre de 2025, emitimos una *Resolución* en la que ordenamos la consolidación de los casos, a tenor con lo dispuesto en la Regla 17 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 17.

## II.

### A.

El Artículo 409 del Código de Enjuiciamiento Civil establece, en esencia, que "[t]odo ciudadano tiene derecho a inspeccionar y sacar copia de cualquier documento público de Puerto Rico, salvo lo expresamente dispuesto en contrario por la ley." 32 LPRA sec. 1781. Según ha reconocido el Tribunal Supremo de Puerto Rico, el derecho de acceso a la información pública es un corolario necesario de los derechos fundamentales de libertad de expresión, prensa y asociación establecidos en la Sección 4 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico y la Primera Enmienda de la Constitución Federal, LPRA Tomo 1. *Nieves v. Junta*, 160 DPR 97, 102 (2003). Asimismo, se ha establecido que "[e]n una sociedad que se gobierna a sí misma, resulta imperativo reconocer al ciudadano común el derecho legal de examinar e investigar cómo se conducen sus asuntos, sujetos sólo a aquellas limitaciones que impone la más urgente necesidad pública". *Ortiz v. Dir. Adm. de los Tribunales*, 152 DPR

161 (2000), pág. 175 citando a *Soto v. Srio. de Justicia*, 112 DPR 477, 485 (1982).

El derecho a la información antes mencionado depende de que la información solicitada sea propiamente pública. Por ello, el Artículo 3(p) de la Ley Núm. 107-2025, conocida como la *Ley de Administración y Conservación de Documentos Públicos para el Siglo XXI*, según enmendada, 3 LPRA sec. 1001, define "documento público" como:

> [t] documento que se origina, conserve o reciba en cualquier dependencia del Gobierno de acuerdo con la ley o en relación con el manejo de los asuntos públicos, incluyendo las publicaciones generadas por las dependencias gubernamentales, y que se tenga que conservar permanente o temporalmente como prueba de las transacciones por su utilidad administrativa, valor legal, fiscal, cultural o informativo, según sea el caso, o que se vaya a destruir por no tener valor permanente ni utilidad administrativa, legal, fiscal, cultural o informativa. Incluye aquellos producidos de forma electrónica o digital que cumplan con los requisitos establecidos por las leyes y reglamentos." 3 LPRA sec. 1001 (b).

Una vez un documento se ubica dentro de una de las categorías mencionadas, se convierte en un documento público y puede solicitarse su inspección. *Nieves v. Junta*, supra, págs. 102-103; *Ortiz v. Dir. Adm. de los Tribunales,* supra, 176 (2000).

No obstante, el derecho de acceso a la información pública no es absoluto. *Colón Cabrera v. Caribbean Petroleum*, 160 DPR 582, 591 (2007); *Nieves v. Junta,* supra, pág. 103. Asimismo, y en lo pertinente al caso ante nos, si bien el poder de investigación de la Rama Legislativa no es absoluto, tampoco lo es la facultad de la Rama Ejecutiva para retener información a base de una alegada confidencialidad. *Peña Clos v.*

*Cartagena Ortiz*, 114 DPR 576, 598 (1983), citando a *United States v. Nixon*, 418 US 683, 706 (1974). Claro está, el Estado no puede negarse caprichosamente y de forma arbitraria a permitir el acceso a los documentos públicos. *Colón Cabrera v. Caribbean Petroleum,* supra, pág. 590. Sin embargo, nuestro Tribunal Supremo en el caso de *Bhatia Gautier v. Gobernador*, 199 DPR 59, 83 (2017), citando a *Colón Cabrera v. Caribbean Petroleum*, supra, pág. 591, determinó que el reclamo de confidencialidad por parte del Estado puede prosperar sólo cuando:

> (1) una ley así lo declara; (2) cuando la comunicación está protegida por algún privilegio evidenciario que puedan invocar los ciudadanos, *Sierra v. Tribunal Superior*, 81 DPR 554 (1959); (3) si revelar la información puede lesionar los derechos fundamentales de terceros, *ELA v. PR Tel. Co.*, 114 DPR 394 (1983); (4) si se trata de un confidente, según la Regla 515 de Evidencia de 2009, y (5) si es información confidencial, según la Regla 514 de Evidencia de 2009.

A su vez, el peso probatorio corresponde al Estado, si es que pretende justificar cualquier reclamo de confidencialidad que impida la publicidad de información gubernamental. *ELA. v. Casta Developers*, 162 DPR 1, 11 (2004). En atención a lo anterior, el Tribunal Supremo de Puerto Rico expresó lo siguiente:

> [T]oda ley que pretenda ocultarle información a un ciudadano bajo el palio de la confidencialidad tiene que justificarse a plenitud. Como regla general, eso se satisface si: (a) la regulación gubernamental cae dentro del poder constitucional del Gobierno; (b) propulsa un interés gubernamental importante o sustancial; (c) el interés gubernamental no está relacionado con la supresión de la libertad de expresión, y (d) la restricción concomitante del derecho a la libre expresión no es mayor que la esencial para propulsar ese interés. *Nieves v. Junta,* supra, págs. 103-104; *Angueira v. JLBP*, 150 DPR 10, 24-25 (2000).

**B.**

La Asamblea Legislativa aprobó la Ley Núm. 141-2019, según enmendada, conocida como la *Ley de Transparencia y Procedimiento Expedito para el Acceso a la Información Pública*, 3 LPRA sec. 9911 (Ley Núm. 141-2019), con el fin de promover el acceso de información pública a través de mecanismos procesales sencillos, ágiles y económicos que propicien la transparencia en los asuntos gubernamentales. Véase, Exposición de Motivos de la Ley Núm. 141-2019, *supra*. A su vez, dicho estatuto fomenta una interpretación de sus disposiciones "en la forma más liberal y beneficiosa para la persona solicitante de la información pública". Art. 12 de la Ley Núm. 141-2019, 3 LPRA sec. 9922.

En el Artículo 3 de la precitada Ley, 3 LPRA sec. 9913, recoge todo lo relacionado a la política pública del Estado en cuanto al acceso a la información pública, la cual establece lo siguiente:

(1) La información y documentación que produce el Gobierno se presume pública y accesible a todas las personas por igual.

(2) La información y documentación que produce el Gobierno en sus estudios, transacciones y en el ejercicio de la autoridad pública, de manera directa o delegada, son patrimonio y memoria del pueblo de Puerto Rico.

(3) El derecho constitucional de acceso a la información requiere la transparencia gubernamental.

(4) Toda información o documento que se origine, conserve o reciba en cualquier dependencia del Gobierno, aunque se encuentre bajo la custodia de un tercero, se presume público y debe estar accesible al Pueblo y la prensa.

(5) El derecho de acceso a la información pública es un pilar constitucional y un derecho humano fundamental.

(6) El acceso a la documentación e información pública tiene que ser ágil, económico y expedito.

(7) Toda persona tiene derecho a obtener la información y documentación pública, sujeto a las normas y excepciones aplicables.

(8) El Gobierno de Puerto Rico establece en la presente Ley una política de apertura a la información y documentación, que incluya la disponibilidad de la tecnología y de los avances necesarios para hacer valer el derecho de los solicitantes a acceder a la información y documentación pública de forma oportuna, objetiva, veraz, completa, reutilizable, procesable y disponible en formatos accesibles, inalterados e íntegros.

A esos efectos, el Artículo 6 de la Ley Núm. 141-2019, *supra*, permite que cualquier persona solicite la información pública mediante el siguiente procedimiento:

Cualquier persona podrá solicitar información pública mediante solicitud escrita o por vía electrónica, sin necesidad de acreditar algún interés particular o jurídico. El Oficial de Información tendrá la responsabilidad de notificar, por email, fax o correo regular, a todo peticionario de información o documentación pública que su solicitud fue recibida y el número de identificación de la misma.

La solicitud de información deberá incluir al menos una dirección o correo electrónico para recibir notificaciones, el formato en que desea recibir la información y una descripción de la información que solicita. 3 LPRA sec. 9916.

De otra parte, el Artículo 7 de la Ley Núm. 141-2019, *supra*, establece que los Oficiales de Información de una entidad gubernamental deberán producir cualquier información pública para su inspección, reproducción o ambos, a petición de cualquier solicitante, en un término no mayor de diez (10) días laborables. 3 LPRA sec. 9917. Asimismo, establece que "[t]oda decisión de denegar la divulgación de información pública tiene que especificar por escrito los fundamentos jurídicos en los que se basa la denegatoria o negativa de entregarla en

el término establecido". *Íd*. Es decir, denegar este derecho amerita una determinación fundamentada, así como un proceso expedito y gratuito ante un tribunal para cuestionar la actuación gubernamental. Los tribunales también deben resolver estas controversias de forma expedita. Véase, *Exposición de Motivos* de la Ley Núm. 141-2019, *supra*.

Ahora bien, en aquellos casos en que una entidad gubernamental deniegue el acceso a la información, la persona puede instar un *Recurso Especial* de revisión judicial ante el Tribunal de Primera Instancia a tenor con la facultad establecida en el Artículo 9 de la Núm. 141-2019, *supra*:

> Cualquier persona a la cual una entidad gubernamental le haya notificado su determinación de no entregar la información solicitada o que no haya hecho entrega de la información dentro del término establecido o su prórroga, tendrá derecho a presentar, por derecho propio o a través de su representación legal, ante la sala del Tribunal de Primera Instancia de la Región Judicial donde reside, un Recurso Especial de Acceso a Información Pública. […]. 3 LPRA sec. 9919.

De este modo, se garantiza el flujo de información pública que genera discusiones informadas y se fortalece la facultad de la ciudadanía de participar efectiva e inteligentemente en los asuntos gubernamentales. *Engineering Services v. AEE*, supra, pág. 146.

### III.

En el caso de autos, el Municipio solicita la revisión de una *Sentencia,* emitida y notificada el 3 de octubre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón y dos (2) *Sentencias* emitidas, el 8 de octubre de 2025, por el Tribunal de Primera

Instancia, Sala Superior de Bayamón, notificadas al día siguiente. Mediante el dictamen emitido el 3 de octubre de 2025, el foro primario declaró No Ha Lugar una moción de desestimación, presentada por el Municipio el 18 de septiembre de 2025. Por otro lado, mediante los dictámenes emitidos el 8 de octubre de 2025, el foro primario declaró No Ha Lugar dos (2) mociones de desestimación presentadas por el Municipio el 25 de septiembre de 2025.

Por estar relacionados, atendemos en conjunto los señalamientos de error planteados por el Municipio. En síntesis, alega que el foro primario erró al denegar la *Moción en Oposición y en Solicitud de Desestimación de Recurso por No Cumplir con los Requisitos de la Ley Núm. 141-2019* y determinar que procedía entregar la información pública solicitada por la parte apelada, a pesar de que esta compareció en su carácter oficial de legisladora municipal. Además, arguye que el foro primario incidió al concederle a la parte apelada la solicitud de información, toda vez que la información solicitada no cumple con los requisitos de la Ley Núm. 141-2019 ni va dirigido a un documento público, según definido por la Ley Núm. 107-2020 ni la Ley Núm. 107-2025.

En el caso ante nos, la señora Domínguez Lozada utilizó el mecanismo procesal que provee el Artículo 6 de la Ley Núm. 141-2019, *supra*, para solicitar información pública al Municipio. Entre la documentación requerida se solicitaba, en esencia, información sobre: el gimnasio ubicado en la Comunidad Especial Puente Blanco; la flota vehicular del Municipio; y los equipos pesados que posee o alquila el

Municipio. No obstante, el Municipio negó proveer acceso a dicha información debido a que la parte apelada presentó la solicitud en su carácter oficial, como legisladora municipal de la Legislatura Municipal de Cataño. Explicó que, por tal razón, su solicitud debió canalizarse por los procedimientos internos y colegiados que rigen las investigaciones y requerimientos de información de la Legislatura Municipal de Cataño. Asimismo, arguyó que la información solicitada no cumple con los requisitos de la Ley Núm. 141-2019 ni va dirigida a un documento público, según definido por la Ley Núm. 107-2020 ni la Ley Núm. 107-2025.

Recordemos que en Puerto Rico existe un derecho fundamental de acceso a la información pública que emerge de la necesidad de que los ciudadanos examinen e investiguen cómo se conducen sus asuntos. *Trans Ad de P.R. v. Junta de Subastas*, 174 DPR 56 (2008); *Colón Cabrera v. Caribbean Petroleum,* 160 DPR 582, 591 (2007). Así lo establece el Artículo 3 de la Ley Núm. 141-2019, *supra*, el cual dispone, en lo pertinente: "[t]oda persona tiene derecho a obtener la información y documentación pública, sujeto a las normas y excepciones aplicables". Entendemos que, contrario a lo expuesto por la parte apelante, la información solicitada por la señora Domínguez Lozada se considera pública, toda vez que, el Artículo 3(p) de la Ley Núm. 107-2025, define "documento público" como un documento que se origina, conserve o reciba en cualquier dependencia del Gobierno de acuerdo con la ley o en relación con el manejo de los asuntos públicos, incluyendo las publicaciones generadas por las dependencias gubernamentales, y que se tenga que

conservar permanente o temporalmente como prueba de las transacciones por su utilidad administrativa, valor legal, fiscal, cultural o informativo, según sea el caso, o que se vaya a destruir por no tener valor permanente ni utilidad administrativa, legal, fiscal, cultural o informativa. Asimismo, recalcamos que, una vez un documento se ubica dentro de una de las categorías mencionadas, se convierte en un documento público y puede solicitarse su inspección. *Nieves v. Junta*, 160 DPR 97, 102 (2003), págs. 102-103; *Ortiz v. Dir. Adm. de los Tribunales,* 152 DPR 161, 176 (2000).

De otra parte, la parte apelada inició la petición que dio origen a este pleito ya que, ante la negativa del Municipio de proveer la información solicitada, la señora Domínguez Lozada prosiguió a presentar tres (3) recursos especiales de revisión judicial para el acceso a información pública, ante el foro primario, de conformidad con lo dispuesto en el Artículo 9 de la Ley Núm. 141-2019, *supra*, cuando la entidad gubernamental no entrega la información solicitada.

Ante ello, el foro primario, mediante la *Sentencia* dictada y notificada el 3 de octubre de 2025, en el caso Núm. BY2025CV04347 y las *Sentencias* emitidas el 8 de octubre de 2025, notificadas al día siguiente, en el caso Núm. CT2025CV00285 y CT2025CV00286, negó la moción de desestimación de la parte apelante y ordenó al Municipio la divulgación, producción e inspección de la información solicitada por la parte apelada.

Determinamos que no incidió el foro primario al emitir dichos dictámenes, toda vez que el Artículo 3 de la Ley Núm. 141-2019, *supra*, establece que la información y documentación que produce el Gobierno se

presume pública y accesible a todas las personas por igual. Ante ello, carece de mérito el argumento de la parte apelante en cuanto a que la solicitud de la señora Domínguez Lozada debió canalizarse por los procedimientos internos y colegiados que rigen las investigaciones y requerimientos de información de la Legislatura Municipal de Cataño. Ello debido a que, si bien el poder de investigación de la Rama Legislativa no es absoluto, tampoco lo es la facultad de la Rama Ejecutiva para retener información a base de una alegada confidencialidad. *Peña Clos v. Cartagena Ortiz*, 114 DPR 576, 598 (1983), citando a *United States v. Nixon*, 418 US 683, 706 (1974). A pesar de que la parte apelante ostenta el puesto de legisladora municipal de la Legislatura Municipal de Cataño, nada impide que la señora Domínguez Lozada, amparado en su derecho constitucional al acceso a la información, procure información pública directamente de algún funcionario o entidad gubernamental. Mas aun, cuando la información y documentación que produce el Gobierno en sus estudios, transacciones y en el ejercicio de la autoridad pública, de manera directa o delegada, son patrimonio y memoria del pueblo de Puerto Rico. Art. 3 de la Ley Núm. 141-2019, 3 LPRA sec. 9913.

En vista de que se le debe reconocer al ciudadano el derecho legal de examinar e investigar cómo se conducen sus asuntos, sujetos sólo a aquellas limitaciones que impone la más urgente necesidad pública, y tomando en consideración que el caso ante nos no presenta ninguna de las circunstancias en las que un reclamo de confidencialidad por parte del Estado puede prosperar, entendemos que el foro primario no incidió al

determinar que la parte apelada tiene derecho a que el Municipio le provea acceso a la información solicitada. No obstante, según lo dispuesto por el foro primario, no ostenta el derecho para que el Municipio le conteste preguntas específicas sobre la instalación del gimnasio.

Tras un análisis de las alegaciones formuladas por las partes y a la luz de la totalidad de las circunstancias, consideramos que el foro primario no incurrió en los señalamientos de error planteados por la parte apelante.

**IV.**

Por los fundamentos que anteceden, **CONFIRMAMOS** las *Sentencias* apeladas.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones